## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STUART WRIGHT**               )
3464 N. 26th St.             )
Kansas City, Kansas  66104   )
                                )
            Plaintiff   )   **Case No.** 10-CV-2365 RDR/KGS
     **v.**               )
                                )
**UNITED STATES MARSHALS SERVICE** )
[SERVE:   John F. Clark, Director   )
          2604 Jefferson Davis Highway )
          Alexandria, Virginia  22301]  )
                                )
            Defendant  )

## COMPLAINT FOR VIOLATION OF FREEDOM OF INFORMATION ACT, INJUNCTIVE RELIEF, DAMAGES, AND ATTORNEY'S FEES

**COMES NOW** plaintiff, by counsel, and states the following as his cause of action herein.

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2009), for injunctive and other appropriate relief, seeking the release of agency records requested by plaintiff from defendant.

### Jurisdiction and Venue

2.     This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) (2009) and 5 U.S.C. § 552(a)(6)(C)(i) (2009).   This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2009).   Venue is proper in this district

under 5 U.S.C. § 552(a)(4)(B) (2009).   Plaintiff resides in this District, and he believes in good faith that the records exist in this District.

**Parties**

3.     Plaintiff is an individual citizen, residing at the address shown hereinabove.

4.     Defendant is an agency established in the Executive Branch of the United States Government and furthermore is an agency within the meaning of 5 U.S.C. § 552(f)(1) (2009).

**Facts**

5.     On or about April 15, 2009, employees of the United States Marshals Service rushed plaintiff while he was playing in a basketball game in Grandview, Missouri.   At that time, employees of the United States Marshals Service grabbed hold of plaintiff, tasered plaintiff, and threw him to the ground.

6.     At that time and place, the United States Marshals Service personnel were seeking to take into custody someone other than plaintiff and instead grabbed hold of plaintiff, tasered plaintiff, and threw him to the ground.

7.     Plaintiff believes in good faith that his civil rights and rights under various laws were violated by the actions and omissions of the aforesaid United States Marshals Service.

8.     Nevertheless, defendant has failed to reveal the identity of the persons who did this to plaintiff and has further indicated that they will continue to refuse to provide that information.

2

**Plaintiff's FOIA Request and his FOIA Claim Herein**

9.     An original Freedom of Information Act request was sent on April

21, 2009 to the following person:

> Walter R. Bradley
> United States Marshal
> Room G-22
> 500 State Avenue
> Kansas City, Kansas 66101
> 913-551-6727
> 913-551-6535 fax

Thereafter, the following communications took place in pursuit of rights under

the Freedom of Information Act:

- April 27, 2009 request to William E. Bordley,
  Associate General, Counsel/FOIPA Officer
  Office of General Counsel
  CS-3, 12th Floor
  U.S. Marshals Service
  Washington, D.C.  20530-1000

- May 6, 2009 further communication with Mr. Bordley
  forwarding the requested Certification of Identity form
  [OMB No 1103-0016]

- June 11, 2009 response from William E. Bordley,
  Associate General Counsel/FOIPA Officer
  Office of General Counsel
  CS-3, 12th Floor
  U.S. Marshals Service
  Washington, D.C.  20530-1000

- June 30, 2009 letter to:
  Tracy Rogers
  Office of General Counsel
  CS-3, 12th Floor
  U.S. Marshals Service
  Washington, D.C.  20530-1000
  202-307-9054, committing to the payment of any
  and all necessary fees

- June 17, 2009 e-mail from Tracy Rogers referencing 50 pages of documents, but producing only 14 pages and furthermore not identifying any of the persons involved.

- August 14, 2009 FREEDOM OF INFORMATION/ PRIVACY ACT APPEAL filed by plaintiff.

- August 19, 2009 letter from Priscilla Jones, Supervisory Administrative Specialist Office of Information Policy, US Department of Justice, acknowledging receipt of the administrative appeal.

- September 28, 2009 letter from Janice Galli McLeod, Associate Director, Office of Information Policy, U.S. Department of Justice, denying the administrative appeal.

10.    Defendant's response to plaintiff's request violated the provisions of the FOIA.   Plaintiff states the following by way of explanation about the nature of his request and the wrongness of defendant's refusal to produce records:

(a)    Plaintiff should have received the full 50 pages, not a limited set of 14 pages with no explanation about the limited 36 pages.

(b)    In regard to the deletions of the names of the federal agents involved, the cited basis was exemption 7(C) of FOIA, 5 U. S.C. § 552 (b) (7) (C). Plaintiff asserts that his constitutional rights were violated by the federal employees involved.  He needs to have the names of those employees for the purpose of bringing his claim forward against them.  For these reasons, plaintiff continues in his request for un-redacted copies of these documents so that plaintiff can make his proper claims, as he is entitled by law to do.

(c)    The cited statutory section at issue is as follows:

4

"This section does not apply to matters that …could reasonably be expected to constitute an unwarranted invasion of personal privacy."

Certainly, when the identity of private citizens is at issue, "…the privacy interest…is at its apex," National Archives & Records Admin. v. Favish, 541 U.S. 157, 166, 124 S.Ct. 1570 (2004), quoting U.S. Dept. of Justice v. Reporters Committee for Freedom of Press, 489 U.S. 749, 780 109 S.Ct. 1468 (1989).   However, the matter at issue here is not a private citizen but rather governmental agents whose actions violated the constitutional rights of a private citizen.   The statute at issue should provide no protection from disclosure regarding such violators.

(d)   The claimed exemption "requires the agency and the reviewing court to weigh the public interest in the release of information against the privacy interest in non-disclosure."   Schrecker v. U.S. Dept. of Justice, 349 F. 3d 657, 661 (D.C. Cir. 2003).   "The public interest in disclosure must be evaluated in light of FOIA's central purpose: 'to open agency action to the light of public scrutiny'."   Schrecker, supra, quoting Reporter's Comm., 489 U.S. at 772.   Plaintiff asserts  " 'The citizens' right to be informed about what [his] government is up to…'."   National Ass'n of Home Builders v. Norton, 309 F. 3d 26, 34 (D.C. Cir. 2002) (quoting Reporter's Comm., 489 U.S. at 773).   There is a relevant public interest at issue here.

(e)   Plaintiff did absolutely nothing wrong.   He was not guilty of any crime.   There is no ongoing criminal investigation as to him.   He was taken into custody, tasered wrongly, held wrongly, and subjected to multiple violations of his constitutional rights.   The government does not have the right to shield from him the persons who did this to him.   That information should be disclosed to him.

(f)   It has been established that allegations of wrongdoing in the conduct of an investigation, if supported by a proper foundation, may justify

public release of the identifying information.   See, Castaneda v. United States, 757 F.2d 1010, 1012 (9th Cir.1995), amended upon denial of panel rehearing, 773 F.2d 251 (9th Cir.1985)

(g)   The Second Circuit has established a five part test for determining whether the public interest outweighs the government employee's privacy interests, which examines:

"(1)   the government employee's rank;

(2)   the degree of wrongdoing and strength of evidence against the employee;

(3)   whether there are other ways to obtain the information;

(4)   whether the information sought sheds light on a government activity; and

(5)   whether the information sought is related to job function or is of a personal nature."

Perlman v. U.S. Department of Justice, 312 F.3d 100, 107 (2d Cir.2002).   Plaintiff herein is unaware of the exact rank of the persons involved other than knowing that they are United States Marshals.   The degree of wrongdoing and the strength of the evidence are both very high in that a private citizen underwent the harsh and abusive treatment outlined above and in the disclosed documents.   His freedom was taken away.   There are no other known ways to obtain the information other than this request.   The requested information will shed light on a government activity in that it will identify the persons who mistreated Mr. Wright and violated his constitutional rights.   As to item 5 (above), it is not entirely clear what was going on, although the reasonable inference is that it was related to a job function.

11.   Defendant failed to provide a full and complete and appropriate

disclosure of records, as requested by plaintiff.

12.     Defendant has wrongfully withheld responsive agency records from plaintiff.

13.     Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

14.     Plaintiff is further entitled to an award of attorney's fees and costs.

**Requested Relief**

**WHEREFORE**, plaintiff prays that this Court:

A.     Order defendant to conduct an adequate search for agency records responsive to plaintiff's FOIA request within five working days of the date of the Court's Order in this matter, with such searching including the identity of the persons involved in the events described hereinabove.

B.     Order defendant to produce all responsive agency records within ten business days of the Court's Order in this matter, with such disclosure including all 50 pages (as well as any other pages located) and also the identity of the federal agents involved.

C.     Award plaintiff his costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2009).

D.     Grant such other relief as the Court may deem just and proper under all the circumstances.

## PLACE OF TRIAL

We hereby designate Kansas City, Kansas as the place of trial.

HUBBARD & KURTZ, L.L.P.


By ____/s   John Kurtz_____
      JOHN KURTZ        #18506

1718 Walnut
Kansas City, Missouri  64108
(816) 467-1776
(816) 472-5464 (Fax)
jkurtz@MoKanLaw.com

ATTORNEYS FOR PLAINTIFF


I hereby certify that courtesy copies
of the foregoing document were sent
by United States first-class mail on
this 6th day of July, 2010 to all
of the following persons:

John F. Clark, Director
UNITED STATES MARSHALS SERVICE
2604 Jefferson Davis Highway
Alexandria, Virginia  22301

Walter R. Bradley
United States Marshal
500 State Avenue, Room G-22
Kansas City, Kansas 66101

William E. Bordley
Associate General, Counsel/FOIPA Officer
Office of General Counsel
CS-3, 12th Floor
U.S. Marshals Service
Washington, D.C.  20530-1000

Tracy Rogers
Office of General Counsel
CS-3, 12th Floor
U.S. Marshals Service
Washington, D.C.  20530-1000

Priscilla Jones
Supervisory Administrative Specialist
Office of Information Policy
US Department of Justice
Washington, D.C.  20530

Janice Galli McLeod
Associate Director
Office of Information Policy
U.S. Department of Justice
Washington, D.C.  20530

Lanny D. Welch, USA
1200 Epic Center
301 N. Main
Wichita, KS 67202


_____/s   John Kurtz_____
John Kurtz
Attorney for Plaintiff